```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION
```

| | |
|---|---|
| SIESTA VILLAGE MARKET, LLC, § <br> d/b/a SIESTA MARKET, et al., § <br> § <br> Plaintiffs, § <br> § Civil Action No. 3:06-CV-0585-D <br> VS. § (Consolidated with Civil Action <br> § No. 4:06-CV-0232-D) <br> § <br> RICK PERRY, Governor of Texas, § <br> et al., § <br> § <br> Defendants. § | |

                    MEMORANDUM OPINION
                       AND ORDER

In these consolidated actions, Glazer's Wholesale Drug Company, Inc. ("Glazer's"), SAMCO, Inc. d/b/a Pinkie's Liquor Stores ("Samco"), and Republic Beverage Co. ("Republic") move to intervene as defendants.[1] Reaching only the question whether the court in its discretion should permit them to intervene permissively under Fed. R. Civ. P. 24(b)(2), the court grants the motions.[2]

---

[1] Briefing on these motions appears to have concluded on July 5, 2006 with the filing by Glazer's, Samco, and Republic of their consolidated brief in reply. *See* Intervenors' Consolidated Reply Br. 1 n.1. To the extent intervenors have not had an opportunity to file a reply brief to another party's opposition brief, the court in its discretion is deciding the motions without awaiting additional reply briefs, as permitted by N.D. Tex. Civ. R. 7.1(f). *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the]

These lawsuits challenge the constitutionality of Texas's system for regulating the sale, shipment, and delivery of wine by out-of-state retailers directly to Texas consumers, and they seek to bar enforcement of certain provisions in the Texas Alcoholic Beverage Code. Glazer's and Republic are state-licensed wholesalers of alcoholic beverages, and Samco is a state-permitted retailer of alcoholic beverages, who are governed by Texas's current three-tier system for regulating the sale of alcohol in Texas. They seek to intervene as of right or permissively to defend the system against plaintiffs' constitutional challenges. The court will consider only whether they should be permitted to intervene permissively.

District courts have broad discretion in granting motions to intervene permissively. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

> Rule 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at 189 n.2. Several courts have permitted parties such as the proposed intervenors to intervene in lawsuits like the ones here.

---

court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*See, e.g., Granholm v. Heald*, 544 U.S. 460, 469, 470-71 (2005) (noting that trade association intervened as defendant to defend Michigan law based on Twenty-First Amendment and that liquor wholesalers and representatives of New York state liquor retailers intervened to support State of New York).

First, these motions are timely. They were filed within weeks of the date defendants answered the complaints. The plaintiffs in Civil Action No. 3:06-CV-0585-D filed suit on March 31, 2006. The plaintiffs in Civil Action No. No. 4:06-CV-0232-D filed suit on April 3, 2006. Defendants filed their answers on May 11 and 16, 2006, respectively.

Second, there are common questions of law or fact. Plaintiffs challenge Texas alcoholic beverage laws as unconstitutionally discriminatory against out-of-state wine retailers. Glazer's, Samco, and Republic seek to defend the constitutionality of Texas's three-tier system and Texas's authority to regulate retail alcohol sales through licensed in-state wholesalers and retailers.

Third, based on the current record, the court finds there will be no undue delay or prejudice to the original parties. One concern that defendants raise focuses on accommodating the schedules of an additional set of lawyers and the potential for diminishing the amount of time available to defendants during discovery or at trial. This concern does not persuade the court to deny permissive intervention. First, all three intervenors are

represented by the same lawyers. Second, this is not a case that appears at this juncture to require extensive discovery or even a trial. Third, the court can adjust the discovery and trial limits if it later appears that intervenors are unduly cutting into defendants' discovery or trial prerogatives.

Another concern that defendants raise is the potential for a large number of intervenors (e.g., 40,000 wholesalers) to assert that they are entitled to intervene, thereby interfering with and delaying resolution of these cases. But this concern is at this point speculative. The court discerns no harbinger of a stampede to the courthouse. Moreover, intervenors' formal participation could have the opposite effect by satisfying other would-be intervenors that their interests are being adequately represented. And this concern can be addressed in any event by the court's careful exercise of its discretion under Rule 24(b)(2), assuming that no such party is entitled to intervene as of right.

Plaintiffs also argue that allowing these parties to intervene will cause delay and complicate the underlying litigation. One basis for this assertion is intervenors' intent to allege as a counterclaim that the statutes at issue are constitutional. If, as plaintiffs contend, this counterclaim improperly seeks an advisory opinion, the court can dismiss it on motion, without unduly delaying or complicating the case. The same holds true for plaintiffs' contention that any counterclaim against plaintiffs,

who are private parties, would be meritless, or that intervenors' affirmative defense under the Tax Injunction Act is inapposite.

* * *

Accordingly, Glazer's's May 19, 2006 motion to intervene as a party defendant, Samco's June 6, 2006 motion to intervene as a party defendant, and Republic's June 16, 2006 motion to intervene as a party defendant are granted. In view of the consolidation of these cases, rather than direct the clerk of court to file the answers tendered with the motions,[3] the court will grant Glazer's, Samco, and Republic 10 calendar days from the date of this memorandum opinion and order to file their answers.[4]

**SO ORDERED.**

July 7, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]For example, Glazer's filed two proposed answers because at the time the cases had not been consolidated. Although Republic has tendered a consolidated answer, the court prefers to follow a uniform approach and direct that all intervenors submit answers for filing in these consolidated cases.

[4]Glazer's's June 15, 2006 motion for leave to file supplemental motion to intervene is denied as moot. The court would grant permissive intervention without considering the supplemental motion.