IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SIESTA VILLAGE MARKET, LLC,          §
d/b/a SIESTA MARKET, et al.,         §
                                     § Civil Action No. 3:06-CV-0585-D
                    Plaintiffs,      § (Consolidated with Civil Action
                                     §   No. 4:06-CV-232-D)
VS.                                  §
                                     §
RICK PERRY, Governor of Texas,       §
et al.,                              §
                                     §
                    Defendants.      §

MEMORANDUM OPINION
AND ORDER

     Defendants' January 10, 2007 motion to quash discovery and for

protective order is granted in part and denied in part.[1]

I

     The background facts and pertinent procedural history of these

consolidated cases are set out in the court's January 22, 2007

memorandum opinion and order and need not be repeated.  *See Siesta*

*Village Mkt., LLC v. Perry*, 2007 WL 148731, at *1-*2 (N.D. Tex.

Jan. 27, 2007) (Fitzwater, J.).

     On January 10, 2007 defendants filed the instant motion to

quash discovery and for protective order.  In an order filed the

same day, the court stayed defendants' obligation to answer

_____

     [1]Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[ ] issued by the
court" because it "sets forth a reasoned explanation for [the]
court's decision."  It has been written, however, primarily for the
parties, to decide issues presented in this case, and not for
publication in an official reporter, and should be understood
accordingly.

intervenors' first set of interrogatories and to respond to intervenors' first request for production, and it established a briefing schedule for deciding defendants' motion. Briefing is now complete,[2] and the motion is ripe for decision.

> Under [Fed. R. Civ. P. 26(b)(1)], and subject to certain limitations not at issue here, a party may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense of any party. The court for good cause may order discovery of any matter relevant to the subject matter involved in the action, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(c) authorizes the court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

*Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 3436064, at *2 (N.D. Tex. Nov. 29, 2006) (Fitzwater, J.).

II

Defendants contend first[3] that intervenors should not be allowed to take discovery from them pertaining to issues as to which intervenors purport not to be adverse to defendants.

A

Defendants maintain that although intervenors are seeking information and documents to defend the Texas three-tier system

_____

[2]Intervenors' February 12, 2007 motion for leave to file surreply is denied.

[3]This is defendants' second contention, but their first argument was mooted by the court's January 22, 2007 ruling on their motion to dismiss.

against plaintiffs' constitutional challenges, they should show that plaintiffs will not seek discovery that will then be available to intervenors or that defendants cannot be relied on to develop and present the relevant facts that will support the constitutionality of the statutes in question. Defendants argue that they are entitled to relief from the obligation that they respond to two or more sets of discovery that contain the same information, albeit in different order or arrangement. They posit that intervenors should only seek discovery if they find that defendants' responses to plaintiffs' discovery requests do not yield all the facts they need and that they are unable to obtain additional evidence by cooperating with defendants. Defendants focus particularly on depositions, arguing that their witnesses are subject to being deposed multiple times.

Intervenors respond that they are entitled under the Rules of Civil Procedure to the discovery they seek and that they are not attempting to force public official witnesses to testify by deposition twice.

B

Defendants have not demonstrated on the grounds on which they rely that the burden they face is sufficient to warrant precluding intervenors from conducting discovery from them through interrogatories or requests for production. The court allowed intervenors to intervene because, *inter alia*, "[p]laintiffs

challenge Texas alcoholic beverage laws as unconstitutionally discriminatory against out-of-state wine retailers," and intervenors "seek to defend the constitutionality of Texas's three-tier system and Texas's authority to regulate retail alcohol sales through licensed in-state wholesalers and retailers." *Siesta Village Mkt., LLC v. Perry*, 2006 WL 1880524, at *1 (N.D. Tex. July 7, 2006) (Fitzwater, J.). Intervenors are entitled to conduct discovery——including from defendants——of non-privileged matters necessary to present this defense, provided the discovery is permitted under Rule 26(b) and does not subject defendants to annoyance, embarrassment, oppression, or undue burden or expense, *see* Rule 26(c). Defendants have not made the required showing to preclude all discovery that intervenors seek via the interrogatories and requests for production in question. At best, they have demonstrated what is from their standpoint a preferred course of action, not one that the Rules require.

Concerning depositions, intervenors have made clear in their response brief that they intend that state officials be deposed only once, with counsel for all parties present. Under these circumstances, defendants have not established that they are entitled to relief.

Accordingly, the court denies this basis for defendants' motion.

III

Defendants argue second that they should not be required to provide initial disclosures if formal discovery is to commence now. The court concludes that defendants have failed to show why they should not comply with Rule 26(a)(1)(A) and (B), which intervenors concede are the only subsections of Rule 26(a)(1) that apply to these consolidated cases.  The court therefore denies this ground of defendants' motion.

IV

Defendants posit third that if intervenors are permitted some discovery against defendants, it should be limited.

A

Defendants complain that intervenors' discovery demands are grossly overreaching and are intended to harass rather than to obtain discovery.  They cite as examples 14 of 18 interrogatories and 13 of 23 requests for production that inquire about the regulation of alcohol, and two interrogatories and three requests for production that require information and documents that pertain to state regulation of tobacco products.  Defendants maintain that this discovery should be precluded because, as this court observed in its decision allowing intervenors to intervene, "[t]hese lawsuits challenge the constitutionality of Texas's system for regulating the sale, shipment, and delivery of wine by out-of-state retailers directly to Texas consumers . . . ."  *Siesta Village*

*Mkt.*, 2006 WL 1880524, at *1.  Although defendants recognize that "for some categories of information, wine cannot be disaggregated from other alcoholic beverages," Ds. Mot. 8, they posit that intervenors should at least attempt to narrow their requests to the facts in issue.

Defendants also assert that the information intervenors seek in interrogatory No. 12 and requests for production Nos. 10 and 16 could be obtained from consulting publicly available General Laws and Session Laws.  They contend that, to the extent that request for production No. 19 inquires into negotiations leading to the Agreed Injunction, it seeks documents that are by law confidential and that are irrelevant and cannot lead to the discovery of admissible evidence.

Intervenors respond that the complaint filed by the *Wine Country* plaintiffs puts in issue intervenors' discovery requests concerning alcohol, that defendants allege an affirmative defense that is not restricted to wine, and that defendants concede that "for some categories of information, wine cannot be disaggregated from other alcoholic beverages."  Intervenors argue that they seek limited tobacco-related discovery concerning the State of Texas's temperance and tax experience arising from the sale of such products from out-of-state interests, because such discovery is material to understanding what will occur if the retail sale of alcohol to Texas citizens is opened to out-of-state retailers.

- 6 -

Regarding request for production No. 19, intervenors posit that defendants apparently have misinterpreted this request, and they clarify that they seek information exchanged between the State of Texas and plaintiffs to establish whether and when plaintiffs requested from the State permits for the retail sale of alcohol and what reporting, if any, concerning taxation or compliance has been exchanged between plaintiffs and the State.

B

The court holds that intervenors are not entitled to obtain discovery from defendants concerning alcohol in general unless, as defendants note in their reply brief, in responding to discovery the Texas Alcoholic Beverage Commission ("TABC") "is unable to separate wine from other beverages." Ds. Reply Br. 4. Neither the complaint filed by the *Wine Country* plaintiffs nor defendants' affirmative defense enlarges the scope of discovery beyond issues related to wine sales. Accordingly, the court grants defendants' motion to the extent that, in responding to any interrogatory or request for production that pertains to alcohol in general, defendants may limit their answers and document production responses to wine, unless defendants determine that the TABC is unable to separate wine from other beverages.

Concerning tobacco, intervenors have explained in their response why they seek such discovery and how it bears on their defense of the Texas three-tier system. In reply, defendants

merely offer the conclusory assertion that this proffered justification is "even more farfetched" and that the "TABC does not regulate tobacco or collect taxes on that product." Ds. Reply Br. 4. Without suggesting that defendants lack any valid specific objections to the interrogatories and requests for production in question, the court holds that they have failed to show that the discovery intervenors seek concerning tobacco should be precluded in all respects.[4] Defendants must therefore rely on specific objections permitted under Rule 33(b)(1) or Rule 34(b).

Regarding interrogatory No. 12 and requests for production Nos. 10 and 16, defendants have not shown that such discovery should be precluded in its entirety. They may, however, advance any specific objections or rely on any options that are available by rule when they answer and respond to this discovery. *See* Rule 33(b)(1) and (d) and Rule 34(b).[5]

As to request for production No. 19, intervenors have through their response brief narrowed the request to information exchanged between the State of Texas and plaintiffs to establish whether and

---

[4]This conclusion is not inconsistent with the court's ruling concerning alcohol- versus wine-related discovery. Intervenors do not attempt to justify alcohol discovery for the same or similar reasons as they do the limited tobacco-related discovery that they seek.

[5]In their reply brief, defendants also complain about the breadth of request for production no. 17. To the extent the court's decision narrowing defendants' obligation to respond concerning wine, rather than alcohol, has not mooted parts of defendants' argument, they can object under Rule 34(b).

when plaintiffs requested from the State permits for the retail sale of alcohol and what reporting, if any, concerning taxation or compliance has been exchanged between plaintiffs and the State. Defendants reply that, even as narrowed, the request is excessive. They state that no plaintiff has applied for a permit and, in the unlikely event that the plaintiff retailers and TABC have exchanged communications concerning taxation or compliance, the substance of the exchanges could have no bearing on whether the challenged statutes are facially unconstitutional.

Defendants have not established that this discovery should in all respects be precluded under the Rule 26(b)(1) standard. And their reply brief suggests that the request may be moot in any event. Given this possibility, the court concludes that in responding to request for production No. 19 defendants must rely on specific objections permitted under Rule 34(b).

*       *       *

Defendants' January 10, 2007 motion to quash discovery and for protective order is granted in part and denied in part. Defendants

- 9 -

must comply with Rules 33(b) and 34(b) within 30 days of the date
this memorandum opinion and order is filed.  Intervenors' February
12, 2007 motion for leave to file surreply is denied.

     **SO ORDERED.**

February 12, 2007.

                                   _____
                                  SIDNEY A. FITZWATER
                                  UNITED STATES DISTRICT JUDGE