```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

SIESTA VILLAGE MARKET, LLC,          §
d/b/a SIESTA MARKET, et al.,         §
                                     § Civil Action No. 3:06-CV-0585-D
                        Plaintiffs,  § (Consolidated with Civil Action
                                     §    No. 4:06-CV-232-D)
VS.                                  §
                                     §
RICK PERRY, Governor of Texas,       §
et al.,                              §
                                     §
                        Defendants.  §

## MEMORANDUM OPINION AND ORDER

Defendant-cross-defendant Alan Steen ("Steen") moves to compel interrogatory answer and production of documents by intervenor-cross-plaintiff Glazer's Wholesale Drug Company, Inc. ("Glazer's"). The court denies the motion.[1]

I

Steen moves to compel Glazer's to respond to interrogatory No. 26 and request for production No. 25. Interrogatory No. 26 requests that Glazer's "[d]escribe every condition, requirement, or control by Diageo with which you are obligated to comply in your distribution of Diageo products." Request for production No. 25 asks that Glazer's produce "[a]ll documents relating to, pertaining

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

to, or supporting your answer to interrogatory No. 26, including but not limited to your contract with Diageo covering every year for which you provided an answer in interrogatories 24 and 25."

Glazer's opposes Steen's motion, maintaining that the discovery he seeks relates to issues he has not pleaded; the court has restricted discovery in this case to wine rather than to alcohol in general; Steen is requesting discovery that exceeds what the State of Texas otherwise contends is proper; and the issues on which Steen relies to warrant the discovery—equitable estoppel and unclean hands—are not proper defenses to constitutional claims.

As refined in Steen's reply brief, the premise on which he relies to obtain this discovery is that it will enable him to challenge Glazer's's credibility by showing the inconsistency between its cross-claim and conduct. Steen essentially maintains that although intervenors—including Glazer's—complain that Steen is undermining the Texas three-tier system, Glazer's presents a far greater risk to the system through its contractual relationship with Diageo, which may in fact border on a "tied-house" arrangement. Steen argues that Glazer's is seeking to maintain the benefits of the three-tier system while simultaneously subverting the system when it is profitable to do so. He therefore seeks discovery concerning the Glazer's-Diageo contractual relationship.

II

> Under [Fed. R. Civ. P. 26(b)(1)], and subject to certain limitations not at issue here, a party may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense of any party. The court for good cause may order discovery of any matter relevant to the subject matter involved in the action, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(c) authorizes the court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

*Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 3436064, at *2 (N.D. Tex. Nov. 29, 2006) (Fitzwater, J.).

The court concludes that Steen is not seeking discovery that is relevant to a claim or defense, and that he has not met the good cause standard for obtaining discovery of a matter relevant to the subject matter involved in the action. Steen has not pleaded the affirmative defenses of estoppel and unclean hands. And because Glazer's is *defending* the Texas three-tier system, not *challenging* its constitutionality, much of Steen's reasoning for obtaining the discovery in the absence of such defenses lacks force. Glazer's is not, as in *S.A. Discount Liquor, Inc. v. Texas Alcoholic Beverage Comm'n*, 709 F.2d 291 (5th Cir. 1983), a party who is at once attacking the constitutionality of a statute and seeking to take advantage of its benefits. It is therefore irrelevant for purposes of the respective litigation positions of Glazer's and Steen that Glazer's is seeking to benefit from the three-tier system or that

- 3 -

Glazer's presents a greater risk to the system than does Steen.

And although some components of the cross-claim might otherwise provide a basis for obtaining discovery concerning Glazer's's credibility, they are insufficient when the court takes into account the relief intervenors request.  In count I, for example, intervenors allege that their constitutional rights are being violated by the agreed injunction.  Intervenors Consolidated Answer, Affirmative Defenses, Cross-cl., and Countercls. for Declaratory Relief ¶ 111.  They complain that the Texas Alcoholic Beverage Commission is not adequately representing their interests.  *Id.* at ¶ 108.  Given the nature of these allegations, Steen might normally be entitled to conduct discovery in order to undermine intervenors' credibility in making them.  But intervenors are not seeking relief that makes relevant a challenge by Steen to their credibility.  In their prayer for relief, they ask, in relevant part, that they be granted the opportunity to conduct discovery; that the court deny the relief plaintiffs seek, and render judgment in favor of defendants (including, presumably, Steen) and intervenors in relation to plaintiffs' claims; that the court vacate the agreed injunction; and that the court declare that various provisions of the Texas Alcoholic Beverage Code are constitutional and enforceable. *Id.* at 27-28 (Prayer for Relief).  In this context, the credibility of Glazer's is not at issue.

Reduced to its essence, Steen appears to seek discovery aimed

- 4 -

at challenging the conduct of an intervenor who is seeking in this litigation to uphold state law against plaintiffs' constitutional challenges. Steen has not pleaded the affirmative defenses of estoppel and unclean hands. And given the respective positions of Steen and Glazer's in the litigation, and the relief that Glazer's requests in its cross-claim, Steen lacks good cause to attempt to challenge the credibility of Glazer's based on its relationship with Diageo.

\*   \*   \*

Steen's April 10, 2007 motion to compel interrogatory answer and production of documents is denied.

**SO ORDERED.**

June 6, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE